IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES BETTENCOURT,                                CV 08-857-MA

        Plaintiff,                             OPINION AND ORDER

v.

MICHAEL ASTRUE,
Commissioner of Social
Security,

        Defendant.

MERRILL SCHNEIDER
Schneider Law Offices
P.O. Box 16310
Portland, OR 97292
(503) 255-9145

        Attorneys for Plaintiff

KENT S. ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 245-6309

1 - OPINION AND ORDER

DAVID R. JOHNSON
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-268-2545

    Attorneys for Defendant

MARSH, Judge.

    This matter is before the court on defendant's Motion to Alter or Amend (doc. 31).  The motion is **DENIED.**

    I remanded this case to further develop the record

> for the limited purpose of allowing the
> Commissioner the opportunity to insure that
> the Administrative Record is complete, and
> includes all medical reports, chart notes, or
> other documents from the Richmond Clinic
> reflecting any evaluation and/or treatment of
> plaintiff from November 2004 through August
> 2006.  If such additional records are found,
> the present Administrative Record shall be
> supplemented by those records, and the ALJ
> shall reevaluate plaintiff's residual
> functional capacity in light of the
> additional records.

Opin. and Order (doc. 29), issued Oct. 19, 2009.

    Medical opinions from plaintiff's treating physicians Ashley Hyder, M.D. and Safina Koreisha, M.D., at Oregon Health Sciences University's Richmond Clinic, are the most significant medical evidence submitted by plaintiff in support of his disability claim.  Despite the government's assertion to the contrary, it seems clear to the court that the implication in the doctors' opinions is that they provided plaintiff with ongoing medical

2 - OPINION AND ORDER

treatment at the Richmond Clinic for at least two years. The Administrative Record filed with court, however, does not reflect such ongoing treatment.

The ALJ has an obligation to develop the record further "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes v. Massanari, 276 F.3d, 459,60 (9th Cir. 2001). The court is not requesting the government to gather further evidence or to reevaluate plaintiff's medical condition if there are no additional medical records. The government's task on remand is to insure that all medical records regarding plaintiff's treatment at the Richmond Clinic between November 2004 and August 2006 are included in the Administrative Record and have been considered by the Commissioner. If there are no additional records, the government should simply say so.

## CONCLUSION

For the reasons stated above, the Commissioner's Motion to Alter or Amend (doc. 31) is **denied.**

IT IS SO ORDERED.

DATED this 16 day of January, 2010.

/s/  Malcolm F. Marsh
MALCOLM F. MARSH
United States District Judge

3 - OPINION AND ORDER

4 - OPINION AND ORDER